debt of $875, that Jones contended it included the fi. fa. of Rome Hardware Company against Nora Z. Smith and John M. Smith for $200 with interest and costs, and that the jury should be required to find the amount of the debt due by defendant and to express the same in their verdict; and failed to submit the following form of verdict suggested by counsel for defendant: "We, the jury, find in favor of the defendant, that the deed is a deed to secure a debt, and the debt amounts to so much principal and so much interest," but merely said, "Retire and make up your verdict." It is contended that if the jury had been so instructed, it would then have been within their power to do complete justice to both parties; and that the failure so to charge impressed upon their minds that a finding in favor of the defendant would cause the plaintiff to lose the money he had actually paid out.

On the question of whether the deed to petitioner, R. A. Jones, was an absolute or a security deed, the evidence was conflicting. The testimony on the part of Jones was, in part, as follows: "It was a deed to secure a debt. I wouldn't have gone into it under any other circumstances; didn't need the land. Fifteen hundred and eleven dollars is what I sold it for. I was to have the land of course, I bought it. It was a deed to me, of course. In the talk with them they did not retain any right to it or any interest in it or any right to possession."

*M. B. Eubanks,* for plaintiff in error.

*F. W. Copeland,* contra.

---

## DUPREE *v.* DUPREE.

This being a suit for divorce brought by the husband and a cross-petition by the wife, and one of the questions involved being the proper custody of the minor child of the parties, the exclusion of evidence tending to show the bad character of the father of the wife, to whose home she had gone and at which she was staying, was not injurious to the petitioner, the husband, upon the issue as to the custody of the child, inasmuch as the court awarded the custody to the plaintiff.

All the evidence considered, it does not appear that there was an abuse of discretion upon the part of the court in allowing temporary alimony and attorney's fees.　　　*Judgment affirmed. All the Justices concur.*

No. 3955. MARCH 12, 1924.

Alimony, etc.　Before Judge Wright.　Floyd superior court. August 6, 1923.

*M. B. Eubanks,* for plaintiff.

*Porter & Mebane,* for defendant.

--------

### DANIELS *v.* THE STATE.

HINES, J.   1. The defendant was indicted for the murder of Ida Daniels. The proof showed that the real name of the deceased was Ida Daniels, but that she was generally known by the nickname of Sister. *Held,* that this was sufficient proof of the allegation of the indictment that the person killed was Ida Daniels, it being permissible to designate in the indictment the person killed by her proper name, if known, or by some name by which she was commonly and generally known.   When the deceased is referred to in the indictment by her proper name, proof of such name is sufficient, although the evidence discloses that the deceased was commonly and generally known by another name. *Irwin* v. *State,* 117 *Ga.* 722 (45 S. E. 59).

2. The evidence authorized a verdict of guilty of murder.

3. The court charged the jury as follows: "You look to all the evidence and facts and circumstances in this case, and, after considering the defendant's statement, determine whether the defendant is innocent in this case." The exception to this charge is, that it is not the province of the jury to determine whether the defendant is innocent, but to determine whether the State has carried the burden of showing the guilt of the defendant beyond a reasonable doubt.   The judge fully instructed the jury upon the presumption of the defendant's innocence, and stated that the burden rested upon the State to establish his guilt beyond a reasonable doubt, and that if such doubt existed in their minds they should give him the benefit of such doubt and acquit him.   *Held,* that this instruction, in view of the court's instructions upon the presumption of the innocence of the defendant, and upon the burden resting upon the State to prove his guilt beyond a reasonable doubt, and of the further instruction of the judge to the jury, that, if such a doubt existed in their minds, they should give the defendant the benefit thereof and acquit him, was not so erroneous, if error at all, as to require the grant of a new trial.   Innocence and guilt are involved in every criminal case.   In the eye of the law innocence is presumed, and always exists if the State fails to rebut the presumption of its existence and to prove guilt beyond a reasonable doubt.   Clearly the jury had the right to determine whether the defendant was innocent; and this instruction, laying down the method of reaching a conclusion on this matter, was not erroneous, as the issue was one of guilt or innocence.   This instruction was not open to the objection that it required the defendant to prove his innocence beyond a reasonable doubt.   In *Dorsey* v. *State,* 110 *Ga.* 331 (35 S. E. 651), the charge was such that the jury might have been impressed with the idea that the defendant had to establish his defense beyond a reasonable doubt.

4. The defendant excepts to this charge of the trial judge: "I charge you,